UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Case No. 10-CR-725-L |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| DELBERT LENNARD HOLLEY, JR., ) | |
| ) | |
| Defendant. ) | |

Defendant is charged in a *one-count* superseding indictment with making false statements in the acquisition of a firearm in violation of 18 U.S.C. § 922(a)(6). Specifically, the Government charges that Defendant made the following two false statements on Department of Treasury Form 4473 when he purchased a firearm: 1) he falsely stated that he was the actual buyer of the firearm when he was not; and 2) he falsely stated that he was not an unlawful user of marijuana, when in fact he was. Currently before the Court are Defendant's motions to dismiss the indictment for vindictive prosecution, to dismiss the indictment for being unconstitutionally vague, and to dismiss the indictment for being duplicitous.

**I.  BACKGROUND**

On March 3, 2010, Defendant was charged by indictment with making a false statement in the acquisition of a firearm. The initial indictment charged Defendant with making a single false statement on the form – that he was the actual purchaser of the firearm. The case

proceeded to trial and on November 19, 2010, the Court declared a mistrial when the jury was not able to reach a unanimous verdict. On February 2, 2011, the Government obtained a superseding indictment. The superseding indictment added the second allegation that Defendant made a false statement about being an unlawful user of marijuana. Defendant has filed several motions to dismiss the indictment. The Government has filed response and oppositions, Defendant has replied, and the Government has sur-replied.

**II.    DISCUSSION**

      **A.    Motion to Dismiss the Indictment for Vindictive Prosecution**

First, Defendant contends the superseding indictment should be dismissed because it was the result of vindictive prosecution. Defendant asserts the Government brought the additional factual allegation that he lied about being an unlawful user of marijuana to retaliate against him for exercising his Constitutional right to a jury trial and to testify. The Government counters that the doctrine of vindictive prosecution does not apply here because no additional charge was brought and the severity of the charge was not increased. As an initial matter, the Court finds the doctrine of vindictive prosecution applies in a case like this, where the Government has added an entirely new and distinct factual allegation on which to base their prosecution.

To establish vindictive prosecution, the defendant may produce direct evidence of the prosecutor's punitive motivation towards him. *United States v. Gallegos-Curiel*, 681 F.2d 1164 (9th Cir. 1982). Alternatively, the defendant is entitled to rely on a presumption of vindictiveness if he can show that the additional charges were filed because he exercised a constitutional right in circumstances that give rise to an appearance of vindictiveness. *Id.* at 1168. This presumption generally applies only in the post-trial context. *Id.* at 1167 ("[C]ases involving increased charges or punishments after trial are to be sharply distinguished from cases in which the prosecution increases charges in the course of pretrial proceedings."). In this case, Defendant is relying on the presumption of vindictiveness.

Once the defendant shows there is an appearance of vindictiveness, the burden shifts to the Government to show that "any increase in the severity of the charges did not stem from a vindictive motive, or was justified by independent reasons or intervening circumstances that

dispel the appearance of vindictiveness." *Gallegos-Curiel*, 681 F.2d at 1168.

Here, there is an appearance of vindictiveness because the Government brought the additional allegation after Defendant proceeded to trial and testified. *See Blackledge v. Perry*, 417 U.S. 21 (1974) (holding a presumption of prejudice arises when the prosecutor brings a superseding indictment with increased charges after the defendant has been tried once and exercises his right to a trial de novo). And the Government apparently communicated its intention to file the superseding indictment before it conducted further investigation into Defendant's drug use. Therefore, the Government's decision to add the allegation after Defendant went to trial and testified, raises "at the very least, a 'reasonable or realistic likelihood' that the Government's decision was motivated by a retaliatory purpose." *United States v. Jenkins*, 504 F.3d 694, 700 (9th Cir. 2007).

The question then turns to whether the Government can rebut the presumption of vindictiveness. The Government argues that after the first trial it conducted further investigation into Defendant's marijuana use. Apparently, the Government has interviewed several witnesses who confirmed that Defendant is a marijuana user. The Government contends it superseded the indictment based on this newly discovered evidence.

Defendant stresses that because the Government had sufficient evidence to bring this allegation from the very beginning, the new and stronger evidence is not sufficient to overcome the appearance of vindictiveness. *See e.g. Jenkins*, 504 F.3d at 700 (finding prosecutorial vindictiveness where the government had *all* the evidence it needed to prosecute the defendant before she testified, but waited to add the additional charges until after she asserted a reasonably credible theory of defense). Unlike the situation in *Jenkins*, it's not clear that the Government had an "open and shut" case before it conducted the post-trial investigation. *Id.* Before the first trial, the Government's evidence of Defendant's marijuana use was limited his statements to the ATF agents. However, the Court ruled at the first trial that those statements would be inadmissible in the Government's case in chief. Also, it appears that the statements, alone, may not be enough to establish that Defendant's marijuana use was contemporaneous with his

purchase of the shotgun.[1]  Therefore, in the circumstances of this case, the Court finds the Government's discovery of additional, corroborating evidence of Defendant's marijuana use is enough to rebut the presumption of vindictiveness.

Therefore, Defendant's motion to dismiss for vindictive prosecution is **DENIED.**

### B.     Motion to Dismiss the Indictment for Vagueness

Next, Defendant contends that 18 U.S.C. § 922(a)(6) is unconstitutionally vague as applied to his case.

A statute is unconstitutionally vague if it (1) does not define the criminal offense with sufficient definiteness so that ordinary people can understand what conduct is prohibited and (2) does not establish minimal guidelines to govern law enforcement. *United States v. Rodriguez*, 360 F.3d 949, 952 (9th Cir. 2004).  Where, as here, a statute is challenged as unconstitutionally vague in a case that does not involve the First Amendment, the Court does not consider whether the statute is unconstitutional on its face. *Id.*  Rather, the question is "whether the statute is impermissibly vague in the circumstances of this case." *Id.*

Section 922(a)(6) states in relevant part that it is unlawful for any person "knowingly to make any false or fictitious oral or written statement . . . intended to or likely to deceive such . . . dealer with respect to any fact material to the lawfulness of the sale. . ."  18 U.S.C. § 922(a)(6).

Defendant asserts that the statute failed to provide him with sufficient notice that his marijuana use qualified him as an "unlawful user."  He points out that the statute does not define or even mention the term "unlawful user."  Therefore, Defendant urges the Court to look to cases interpreting § 922(g)(3), which makes it illegal for a person to possess a firearm if they are an "unlawful user" of a controlled substance.

The Government counters that the definition of "unlawful user" and the cases interpreting § 922(g)(3) are inapplicable because Defendant is not charged under § 922(g)(3).  The Government further argues that § 922(a)(6) is not vague because it provided sufficient notice that

---

[1] Contemporaneousness is an element the Government must prove to sustain a conviction on the marijuana use allegation. *See infra,* Section B (discussing Defendant's vagueness challenge.)

4

Defendant was not allowed to lie on the ATF form.

The fact that Defendant was charged under § 922(a)(6) does not make the cases interpreting § 922(g)(3) irrelevant. In § 922(g), Congress identified several categories of persons who are prohibited from receiving or possessing firearms, including "unlawful users" of controlled substances. *See* 18 U.S.C. § 922(g). In order to enforce this statute, the Treasury Department created Form 4473, which asks several questions aimed at identifying whether a purchaser is a prohibited person. One of the questions states: "Are you an unlawful user of, or addicted to, marijuana or any depressant, stimulant, narcotic drug, or any other controlled substance?" Congress also chose to criminalize knowingly making a false statement in connection with the acquisition of a firearm, 18 U.S.C. § 922(a)(6), thereby making it unlawful for a person to lie about being an "unlawful user" on the ATF form.

Therefore, the question here is whether Defendant had sufficient notice that his marijuana use qualified him as an "unlawful user" so that he would know how to answer the question on the ATF form. To answer this question, the Court finds it is proper to look to the cases interpreting the term "unlawful user" under § 922(g)(3).

To prove that a defendant is an "unlawful user" under § 922(g)(3), the government must prove the defendant took drugs (1) with regularity, (2) over an extended period of time, and (3) contemporaneously with his purchase or possession of a firearm. *United States v. Purdy*, 264 F.3d 809, 812-23 (9th Cir. 2001); *United States v. Augustin*, 376 F.3d 135, 139 (3d Cir. 2004).

At least one other court has addressed a void-for-vagueness challenge to § 922(a)(6). In *United States v. Berry*, 60 F.3d 288, 293 (7th Cir. 1995), the defendant was charged with falsely stating that he was not an "unlawful user" on Form 4473. The Seventh Circuit held § 922(a)(6) was not vague where the evidence showed the defendant was "a regular cocaine user during the precise period covered by the charge in the indictment." *Id.* Although the Seventh Circuit did not specifically mention § 922(g)(3) in its analysis, the Court relied on the same factors identified by the Ninth Circuit in *Purdy* to find the defendant was an "unlawful user." *Id.*

Here, both parties have presented their versions of what the evidence is regarding Defendant's marijuana use. However, since the re-trial has not yet occurred, the Court is not in

a position to determine if the evidence is sufficient to support a finding that Defendant was an "unlawful user." *See e.g. United States v. Stacy*, 2010 WL 4117276 (S.D. Cal. Oct. 18, 2010) (unpublished) (declining to resolve vagueness challenge to § 922(g)(3) before trial); *United States v. Haslett*, 2006 WL 1779006 (W.D. Mo. June 26, 2006) (unpublished) (stating vagueness challenge to § 922(a)(6) is best left to post-trial resolution); *United States v. Keys*, 390 F.Supp.2d 875, 885 (D. N.D. 2005) ("Heeding the Supreme Court's admonition that a vagueness challenge to a statute may only be examined in light of the facts of the case at hand, this Court cannot conduct a proper examination of the application of § 922(g)(3) to the defendant's case on the basis of the indictment alone.").

Accordingly, Defendant's motion to dismiss the indictment for being unconstitutionally vague is **DENIED, WITHOUT PREJUDICE.**

### C. Motion to Dismiss the Indictment for Duplicity

Finally, Defendant contends the superseding indictment is duplicitous because the single count in the indictment combines two distinct and separate offenses. The Government counters that the single count indictment is proper because it describes two alternate means of committing a single crime, namely making two different false statements in one application for one firearm.

#### 1. Duplicity

"Duplicity is the joining in a single count of two or more distinct and separate offenses." *United States v. UCO Oil Co.*, 546 F.2d 833, 835 (9th Cir. 1976). The danger of duplicity is that the jury might find the defendant guilty on a count without having reached a unanimous verdict on the commission of a particular offense. *Id.* On the other hand, an indictment may not charge a single offense in several counts without being multiplicitous. *Id.*

In *UCO Oil Co.*, the Ninth Circuit set forth four factors that courts are to consider in determining whether charged conduct comprised two or more separate offenses. They are: (1) the language of the statute itself; (2) the legislative history and statutory context of the statute; (3) the nature of the proscribed conduct itself; and (4) the appropriateness of multiple punishment for the conduct charged in the indictment. *UCO Oil Co.*, 546 F.2d at 836-838.

/ / /

### a. The Language of 18 U.S.C. § 922(a)(6)

Section 922(a)(6) states:

[It is unlawful] for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition under the provisions of this chapter.

18 U.S.C. § 922(a)(6) (emphasis added).

On its face, the statute does not suggest a Congressional purpose to create more than one offense. The statute merely describes the different means in which it can be violated, including by making a false oral statement, false written statement, or furnishing a false identification.

Indeed, Courts that have considered the language of § 922(a)(6) agree that it creates only a single offense. For example, in *United States v. Mastrangelo*, 733 F.2d 793, 800 (11th Cir. 1984), the defendant made a false written statement and provided a fake identification in connection with the purchase of a single firearm. *Id.* at 801-02. The Eleventh Circuit held that the defendant's actions constituted only a single violation of § 922(a)(6). *See also United States v. Brozyna*, 571 F.2d 742, 745 (2d Cir. 1978) (holding the statute did not create separate offenses for the 'acquisition of a firearm' and the 'attempted acquisition of a firearm').

### b. The Legislative History and Statutory Context of 18 U.S.C. § 922(a)(6)

The legislative history of § 922 suggests that this statute was written to prevent firearms from being put into the hands of persons ineligible to possess them. H.R. 5037, 90th Cong. (2d Sess. 1968). The United States Supreme Court noted that § 922(a)(6) in particular "was enacted as a means of proving adequate and truthful information about firearms transactions." *Huddleston v. United States*, 415 U.S. 814, 824-25 (1974).

The legislative history, however, does not indicate whether Congress intended for a purchaser who makes more than one false statement in a single application to be liable for one or two crimes. Therefore, the Court finds the legislative history is not instructive on the correct unit of prosecution in this case.

### c.     The Nature of the Proscribed Conduct

Section 922(a)(6) proscribes making "*any* false or fictitious oral or written statement . . . with respect to any fact material to the lawfulness of the sale." 18 U.S.C. § 922(a)(6) (emphasis added). The Court finds that the proscribed conduct is the use of deceit in order to obtain a firearm. *See e.g. United States v. Brozyna*, 571 F.2d 742, 745 (2d Cir. 1978) ("The statute creates a single offense, the gravamen of which is the use of deceit in order to obtain a firearm.").

### d.     The Appropriateness of Multiple Punishment

The Ninth Circuit has already answered the question of the appropriateness of multiple punishment under § 922(a)(6). In *Brown v. United States*, 623 F.2d 54, 59 (9th Cir. 1980), the Ninth Circuit held that § 922(a)(6) does not authorize multiple punishment where a single transaction involved multiple false statements. In *Brown*, the defendant was charged with making *two* false statements on *one* ATF form in connection with the purchase of *one* gun. *Id.* at 55. Each false statement was charged in a separate count. *Id.* After his conviction, the defendant was sentenced to consecutive sentences on each count. *Id.* On review of the sentence, the Ninth Circuit concluded that neither the language of § 922(a)(6), nor its legislative history suggest "that Congress intended cumulative punishment for a single document that contained two false statements." *Id.* at 58. Therefore the Court vacated the defendant's sentence as to the second false statement count. *Id.* at 61.

Here, the Court finds, based on its consideration of these four factors, that § 922(a)(6) defines a single offense. Therefore, it was proper for the Government to charge the Defendant in a single count with making two false statements on one ATF form.[2]

Aside from the *UCO Oil Co.* factors, Ninth Circuit case law discussing § 922(a)(6) further supports the Court's finding that the Defendant is properly charged in one count. For example, the Ninth Circuit has indicated that it is proper to charge one count under § 922(a)(6) per ATF form. In *United States v. Long*, 524 F.2d 660, 662 (9th Cir. 1975), the Ninth Circuit held that

---

[2] In fact, if the Government had filed two separate counts based on the same ATF form, the indictment would have been vulnerable to attack for multiplicity. *UCO Oil Co.*, 546 F.2d at 835.

where the defendant gave false information on two separate ATF forms in connection with the purchase of two guns, he was properly charged with two counts under § 922(a)(6). And in *United States v. Williams*, 685 F.2d 319, 321 (9th Cir. 1982), the Ninth Circuit held that where the defendant made a false statement on seven applications, for seven guns, he was properly charged with seven separate counts under § 922(a)(6). The inverse logic of these cases is that if a defendant's conduct only involves one form, as it does here, then he is properly charged in only one count.

Additionally, cases discussing statutes that are similar to § 922(a)(6) also indicate that when multiple false statements are made in one document, they should be charged in a single count. *See e.g. Untied States v. Sue*, 586 F.2d 70, 71 (8th Cir. 1978) (false statement to federally insured credit association) (holding indictment was multiplicitous where it charged two separate counts of making false statements, where the two statements were made in a single document); *United States v. Praml*, 909 F.2d 1489 (9th Cir. 1990) (unpublished) (false statement on passport application) (holding it was improper to charge the defendant with two counts of making a false statement where she made the two false statements on a single document).

Therefore, the Court finds the indictment is not duplicitous.[3]

### 2.  Joinder and Conflict of Constitutional Rights

Defendant also argues that he is prejudiced by the joinder of the two false statement allegations in the indictment. He also contends that he is impermissibly forced to choose between his Sixth Amendment right to testify and his Fifth and Sixth Amendment rights to remain silent. Therefore, he urges the Court to either dismiss the indictment, sever the two false statements, or force the Government to elect which false statement to proceed with.

Defendant's arguments are premised on his contention that the indictment is duplicitous and that the two false statements constitute two separate counts. But as discussed above, the indictment is not duplicitous, and Defendant was properly charged with a single count of

---

[3] Although the Court finds the indictment is not duplicitous, the Court will instruct the jury that it must unanimously find defendant guilty as to each false statement, and will use a special verdict form listing each of the false statements to ensure that the jury unanimously finds defendant guilty on at least one false statement.

9

violating § 922(a)(6), by two different means.  Therefore, no joinder of offenses has occurred. Accordingly, the rules regarding joinder and severance are inapplicable. *See UCO Oil Co.*, 546 F.2d at 838 (noting that once it is determined that the statute defines but a single offense, it becomes proper to charge the different means of committing the office in a single count in the indictment); Fed. R. Crim. Pro. 7(c) ("A count may allege . . . that the defendant committed it by one or more specified means.").

Defendant accurately points out that severance is an available remedy where joinder forces a defendant to choose between his Constitutional rights.  However, the Court has not found any case where severance was granted on that basis, where, like here, the defendant was charged in *one* count with violating *one* offense by *two different means*.  Furthermore, the Court has not identified any case where the remedy of forced election is available where the indictment is not duplicitous. *Cf. United States v. Ramirez-Martinez*, 273 F.3d 903 (9th Cir. 2001) (finding the government should have been required to elect between charges, but only after the court found the indictment was duplicitous).  Therefore, the Court declines Defendant's request to sever the false statements or to force the Government to elect a false statement.

Accordingly, Defendant's motion to dismiss the indictment for being duplicitous is **DENIED**.

### III.    CONCLUSION

Based upon the foregoing, Defendant's motion to dismiss the indictment for vindictive prosecution is **DENIED**, Defendant's motion to dismiss the indictment for being unconstitutionally vague is **DENIED, WITHOUT PREJUDICE**, and Defendant's motion to dismiss the indictment for being duplicitous is **DENIED.**

**IT IS SO ORDERED.**

DATED:  March 24, 2011

_____
M. James Lorenz
United States District Court Judge

10